**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BRAIN LEWIS**                                       **CIVIL ACTION**

**VERSUS**
                                                      **NO. 14-435-JWD-SCR**
**OFFICE OF PARISH ATTORNEY,**
**MRS. GWEN BROWN**

**AMENDED ORDER**

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 10.) Plaintiff has not filed an Opposition to this Motion. Oral argument is not necessary.

Considering the law and facts pled, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. 10.)

**I.     Standard for Motion to Dismiss**

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–287 (5th Cir.2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir.1998), *Hall v. Louisiana*, 12 F. Supp. 3d 878 (M.D. La. 2014).) Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998).) A court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id*. (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), cert. denied, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002)). Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without

1

jurisdiction from prematurely dismissing a case with prejudice." *Id*. (citing *Ramming*, 281 F.3d at 161).

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)). However, in *Walch v. Adjutant General's Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008), the Fifth Circuit explained an important distinction between the two motions:

> The choice of rules does hold the potential, however, to affect the materials in the record that may be considered when conducting our review. The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments, *Fin. Acquisition Partners v. Blackwell*, 440 F.3d 278, 286 (5th Cir.2006), while under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir.1997).

*Walch v. Adjutant General's Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008).

Furthermore, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Hall v. Louisiana*, 974 F. Supp. 2d 978, 986 (M.D. La. 2013) (citing *Celestine v. TransWood, Inc.*, 467 Fed.Appx. 317, 318 (5th Cir.2012)) (citations and internal quotations omitted).

In *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007), the Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'

2

*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)).

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added).

Later, in *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201, 210 (5th Cir. 2010), the Fifth Circuit explained:

To avoid dismissal [under Fed.R.Civ.P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. [*Doe v. Myspace,* 528 F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc.*, 278, 278 F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)); *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

*Id.* at 215.

Analyzing the above case law, our brother in the Western District stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D.La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011), the Fifth Circuit explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Id.* at 796 (internal citations omitted).

Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit recently summarized the Rule 12(b)(6) standard, which can also be applied to a Rule 12(b)(1) Motion, as follows:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502-503 (internal citations and quotations omitted).

4

**II.     Background and Analysis**

On July 14, 2014, Mr. Brian Lewis filed a Complaint alleging that Ms. Brown violated his rights under the Civil Rights Act, 42 U.S.C. § 1983. (Doc. 1.) Mr. Lewis complains that Ms. Brown called him at his place of employment, Albertson's, and, via telephone, defamed his character, discriminated against him, embarrassed him, made false accusations against him, including threats, mental abuse, mental stress, racism, and sexual harassment. (Doc. 1, p. 4.) In a letter attached to his Complaint, Mr. Lewis alleges that customers of Albertson's and its Customer Service Department heard Mrs. Brown being "very rude and loud towards me Brian Lewis on matter." (Doc. 1-1, p. 2.) Mr. Lewis alleges that Ms. Brown "falsely accused [him] of threats, harassment, calling her job and other staff members all day, telling lies against police officer Joseph Valencia saying that 10/17/13 event at Albertson's store is not truth on matter." (Doc. 1-1, p. 2.)

Ms. Brown denies these allegations and states that she merely returned a phone call which he made to her office. (Doc. 10-1, p. 1.) She alleges that in a message left for her by Mr. Lewis, Mr. Lewis provided the number to the Albertson's store at which he was working and requested that she call him back at that number. (Doc. 10-1, p. 1.) Ms. Brown does not provide any information about the content of the phone call. (Doc. 10-1.)

On July 29, 2014, a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) was held before Magistrate Judge Stephen C. Riedlinger to determine whether all or any party of the case should be dismissed as frivolous. (Doc. 8.) On August 5, 2014, Magistrate Judge Riedlinger issued a Notice (Doc. 13) stating that, after scheduling the *Spears* hearing, Defendant Gwendolyn Brown filed a Motion to Dismiss. The Magistrate explained:

> By filing a Rule 12(b) motion, pursuant to Rule 15(a)(1)(B), Fed. R. Civ. P., the plaintiff now has an opportunity to file an amended complaint without leave of court.

5

The best course is for the plaintiff to do so, and to allege in an amended complaint the facts which he believes support subject matter jurisdiction in this court and his claims against defendant Brown. By doing so, neither the defendant nor the court will have to guess which statements made by the plaintiff at the Spears hearing are intended to be the factual allegations he relies on to support his claims against the defendant.

Mr. Lewis moved to Amend his Petition (Doc. 14), which was granted (Doc. 34). In this Amended Complaint, Mr. Lewis added new defendants, but did not allege any new facts. (Doc. 14.)

Ms. Brown seeks dismissal of this case. (Doc. 10.) Ms. Brown argues that for a defendant to be liable to a plaintiff under 42 U.S.C. § 1983, the defendant must act under color of state law to deprive the Plaintiff's rights. (Doc. 10-1, pp. 1-2.) Ms. Brown argues that she was not acting under color of state law at the time of the phone call, and that she did not deprive Mr. Lewis of any constitutionally protected right. (Doc. 10-1, pp. 1-2.)

**A. Section 1983 Claim**

42 U.S.C. § 1983 provides:

Every person who, *under color of any statute, ordinance, regulation, custom or usage, of any State Territory,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id*. (emphasis added).

It is well settled that in order to allege an actionable claim under the Civil Rights Act, 42 U.S.C.A. §§ 1983-1985, within the jurisdiction of the District Court set out in 28 U.S.C.A. § 1343(3), facts must be affirmatively set forth which show (1) that plaintiff has been denied a protected right, privilege or immunity, and (2) that defendant(s) acted under color of a state or local law. *Hornsby v. Allen*, 326 F.2d 605, 612 (5th Cir. 1964); *Sigue v. Texas Gas Transmission Corp.*,

235 F. Supp. 155 (W.D. La. 1964); *Lee v. Hodges*, 321 F.2d 480 (4 Cir. 1963); *Stringer v. Dilger*, 313 F.2d 536, 540 (10 Cir. 1963); and *Marshall v. Sawyer*, 301 F.2d 639, 646 (9 Cir. 1962).

Ms. Brown argues that she was not acting "under color of state law" when she returned Mr. Lewis's phone call. (Doc. 10-1, p. 2.) For purposes of 42 U.S.C. § 1983, a defendant acts "under color of state law" if he misuses or abuses his official power and if there is a nexus between the victim, the improper conduct, and defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859 (5th Cir. 2002). If, however, a state officer pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under the color of state law. *Id*.

Mr. Lewis has not alleged that Ms. Brown misused or abused her official power, nor has he alleged that a nexus exists between himself, the improper conduct, and Ms. Brown's performance of official duties. Mr. Lewis's allegations are not sufficient to show that Ms. Brown acted "under color of state law."

Likewise, Mr. Lewis has not alleged facts sufficient to prove that Ms. Brown deprived him of a protected right, privilege or immunity. Mr. Lewis has only alleged that Ms. Brown called him at his place of work and, via telephone, defamed his character, discriminated against him, embarrassed him, made false accusations against him, including false accusations of threats, mental abuse, mental stress, racism, and sexual harassment. (Doc. 1, p. 4.) Mr. Lewis fails to state sufficient facts to show that he was deprived of a Constitutionally protected right, privilege, or immunity by Ms. Brown's phone call.

For these reasons, Mr. Lewis's claims under § 1983 are dismissed.

**B.     Racial Discrimination**

In his Complaint, without explanation, Mr. Lewis states that he is filing suit against Ms. Brown for "racism." (Doc. 1, p. 4.) Mr. Lewis provides no details regarding this allegation. (Doc. 1.) Construing the pleading broadly, the Court will interpret this as an allegation of a violation of Mr. Lewis's rights secured by Title VI or Title VII.

Title VI of the Civil Rights Act prohibits discrimination in programs or activities receiving federal assistance. 42 U.S.C.A. § 2000(d). Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination *under any program or activity receiving Federal financial assistance*.

*Id*. (emphasis added).

The proper defendant in a Title VI case is an entity receiving federal financial assistance. *Muthukumar v. Kiel*, 478 Fed. Appx. 156 (5th Cir. 2012) ("We agree with the Eleventh Circuit that Title VI permits suits only against public or private entities receiving funds and not against individuals"); *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1171 (11th Cir.2003) ("[Individuals] are not liable under Title VI."); *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir.1996) (dismissing all Title VI claims against individual defendants because they were not "the entity allegedly receiving the financial assistance."). Ms. Brown, as an individual, is not a proper defendant in a Title VI claim. Accordingly, Mr. Lewis's claims against Ms. Brown for racial discrimination arising under Title VI are dismissed.

Mr. Lewis's claim likewise cannot succeed under Title VII. By its very terms, Title VII applies only in the employment context. See *Hishon v. King & Spalding*, 467 U.S. 69, 74 (1984) ("Once a contractual relationship of employment is established, the provisions of Title VII attach and govern certain aspects of that relationship."). Thus, there must be an employer-employee

relationship. Because there is no such relationship here between the Plaintiff and Ms. Brown, this claim is dismissed.

Plaintiff has no federal private remedy as a result of the alleged racial discrimination he claims he experienced. While rude and racists remarks by one private citizen against another are not to be commended or encouraged, they do not, in the absence of some federal statutory or Constitutional basis, give rise to a private remedy under federal law. This is especially true when the alleged incident was isolated, allegedly occurred via telephone, and when the parties had no employment, educational, or other formal relationship. Even if a formal relationship between the parties existed, alleged racists remarks made in one isolated telephone conversation would not likely be sufficient to give rise to a cause of action. Even when an employment or other relationship exists between the parties, Courts have frequently held that for racist remarks to rise to a level sufficient to give rise to a claim, the comments must be "sufficiently severe and pervasive," not merely simple teasing, offhanded comments, or isolated incidents. *Meritor Sav. Bank, FSB v. Vinson*, 447 U.S. 57 (1986). The " 'mere utterance of an ... epithet which engenders offensive feelings in a employee' does not sufficiently affect the conditions of employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17(1993) (quoting *Meritor*, 477 U.S. at 67). "A recurring point in [Supreme Court] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' " *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Accordingly, Mr. Lewis's claims against Ms. Brown for racial discrimination arising under Title VI are dismissed.

**C.    Sexual Harassment**

Mr. Lewis appears to allege that Ms. Brown sexually harassed him during the phone call

which gave rise to his Complaint. (Doc. 1, p. 4.) Mr. Lewis provides no details regarding this allegation. (Doc. 1.) Construing the pleading broadly, the Court will interpret this as an allegation of a violation of Mr. Lewis's rights secured by Title VII.

As stated above, by its very terms, Title VII applies only in the employment context. See *Hishon v. King & Spalding*, 467 U.S. 69, 74 (1984) ("Once a contractual relationship of employment is established, the provisions of Title VII attach and govern certain aspects of that relationship"). Thus, there must be an employer-employee relationship. Because there is no such relationship here between the Plaintiff and Ms. Brown, this claim is dismissed.

### D. State Law Claims

As stated above, Mr. Lewis has asserted a number of state law causes of action. Mr. Lewis alleges that Ms. Brown: "defamed his character, discriminated against him, embarrassed him, made false accusations against him, including false accusations of threats, mental abuse, mental stress...." (Doc. 1, p. 4.)

Because there is no valid § 1983 claim or any other valid claim arising under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3). See *Certain Underwriters at Lloyd's London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) ("We have stated that it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case."). Accordingly, Mr. Lewis's state law claims are dismissed.

## III. Additional Defendants

In his Amended Complaint, Mr. Lewis sought to add "Registered Agent Ct. Corporation; CT Systems Corporation for Albertson's Store, LLC; Albertson's Store President Office and Sr.

Litigation Administrator Mrs. Karen Hopper; and Albertson's Store Director Mrs. Tracee Keith. (Doc. 14.) This Motion was granted. (Doc. 34.) Pursuant to Magistrate Judge Riedlinger's Order (Doc. 34), the Clerk of Court was directed not to issue summons to these Defendants until Ms. Brown's 12(b)(1) Motion was decided.

As this Motion has now been decided, it is ordered that the Clerk of Court now issue summons to the additional defendants, Registered Agent Ct. Corporation; CT Systems Corporation for Albertson's Store, LLC; Albertson's Store President Office and Sr. Litigation Administrator Mrs. Karen Hopper; and Albertson's Store Director Mrs. Tracee Keith."

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Gwendolyn Brown's Motion to Dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Brian Lewis's claims against Defendant Gwendolyn Brown are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court issue summons to Defendants Registered Agent Ct. Corporation; CT Systems Corporation for Albertson's Store, LLC; Albertson's Store President Office and Sr. Litigation Administrator Mrs. Karen Hopper; and Albertson's Store Director Mrs. Tracee Keith.

Signed in Baton Rouge, Louisiana, on February 25, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**