UNITED STATES DISTIRCT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS

v.

GWEN BROWN, ET AL.

CIVIL ACTION

NO. 14-435-JWD-SCR

## RULING AND ORDER

This matter comes before the Court on various motions made by Plaintiff Brian Lewis in R. Doc. 124. Plaintiffs' motions are difficult to decipher, but he appears to seek the following:

1) Motion to recuse U.S. District Judge before 9/4/2015 by 11 a.m. on this matter;

2) Motion to send this case to another U.S. District Court in Washington, D.C. by 9/4/15;

3) Motion to change venue and send to another state by 9/4/2015;

4) Motion to have Chief Judge Brian Jackson make [this] U.S. District Judge allow Albertson's store lawyer to put and files[sic] subpoena discovery into case by 9/4/2015 at 1 p.m.; and

5) Motion to expedite ruling by 9/5/2015 before 4 p.m. on all pending motions in this case.

Additionally, Plaintiff appears to request a recusal in R. Doc. 123, though the document is not styled a motion. The Court will consider this matter here. For the following reasons, each of the Plaintiff's motions is denied.

**I.     Motion to Recuse**

The basis for the Plaintiff's motion to recuse is not contained in R. Doc. 124 itself but rather in a letter from the Plaintiff to President Barack Obama, the United Nations, the Federal Judiciary Commission Board, the Muslim World, Hollywood, California, movie stars, Chief Judge Brian Jack, and the Clerk's office (R. Doc. 123). In the letter, the Plaintiff lists various

conclusory and unsupported grounds for recusing this Judge, each of which will be discussed below.

Plaintiff presumably moved for the recusal of the undersigned judge under 28 U.S.C. §§ 144 and 455. Under Section 455, "a party may request the recusal of a judge not only if 'he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding,' *id.* § 455(b)(1), but also when 'his impartiality might reasonably be questioned," *id.* § 455(a).' " *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "Section 455(a) is a general safeguard of the appearance of impartiality and establishes a 'reasonable factual basis-reasonable man' standard." *United States v. Miranne*, 688 F.2d 980, 985 (5th Cir. 1982) (holding that "a reasonable man, viewing the facts as they stood at the time of the motion, would not reasonably question [the judge's] impartiality" and finding no abuse in discretion in denying the motion).

There are three relevant elements to a Section 455 analysis; to warrant recusal, the Plaintiff "must (1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin,' [that is, involve events taking place outside of the litigation context], (2) place the offending event into the context of the entire [proceeding], and (3) do so by an "objective" observer's standard." *Andrade*, 338 F.3d at 455.

Applying that standard here, the Plaintiff's motion must fail. The Plaintiff first alleges that this judge is racist by not requiring Albertson's store lawyers to answer the Plaintiff's subpoena requesting information; plaintiff claims that Alberton's is four months late providing the information. Viewed in the context of the entire proceeding, this does not show bias, as the Plaintiff has filed no motion to compel yet. Further, this fails the objective reasonableness standard; the Court has no affirmative duty to act concerning the subpoena, and the Plaintiff has

done nothing to demonstrate why or how this judge is racist for not acting.  This claim has no merit.

The second alleged bias also has no merit.  Plaintiff claims that this judge does not want the Plaintiff to win.  Plaintiff provides no basis for this conclusory statement, so it necessarily fails the reasonable person standard.

The third alleged bias is that this judge does not want to "disgrace and go against" the other Judges in the district who have presumably ruled against the Plaintiff in other matters.  This too fails the objective reasonableness standard.  Each case is different and requires a separate analysis; just because the Plaintiff lost some other cases does not mean he will lose this one.  And if the Plaintiff wins this case, that will not reflect poorly on any other judge in this district who has ruled against him.  Contrary to the Plaintiff's opinions and conclusory statements, this is not personal; the Court is merely applying the law to the facts.

The fourth alleged bias is that this judge does not want discovery against certain parties concerning a woman that "told lies" against the Plaintiff concerning a "false sexual assault claim."  Again, the Plaintiff fails to explain why the Court does not want such discovery.  No reasonable person would question this judge's impartiality on this ground.

The final complaint is that this judge is bias by not ruling on the Plaintiff's motion, that the entire town of Baton Rouge is plotting against the Plaintiff to put him in jail, and that this judge ruled against him in another matter.  Each of these fails the objective reasonableness standard.  Further, the last complaint – ruling against him – fails the extrajudicial requirement.[1]

---

[1] The Fifth Circuit has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no

In sum, the Plaintiff's arguments are, at best, conclusory, and, more accurately, frivolous.

The motion to recuse under Section 455 is denied.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Thus, Section 144 requires for disqualification a "timely and sufficient affidavit." Plaintiff's motion is signed, but it lacks a declaration made under penalty of perjury.

On this ground alone, Plaintiff's motion should be denied

Even assuming this requirement were met, the Plaintiff's motion should still be denied.

The Fifth Circuit has advised:

> "Once the motion is filed under s 144, the judge must pass on the legal sufficiency of the affidavits, but may not pass on the truth of the matter alleged." In order to be legally sufficient, the affidavit must meet, among other requirements, the following test:
> "1. The facts must be material and stated with particularity;
> "2. The facts must be such that, if true they would convince a reasonable man that a bias exists;
> "3. The facts must show the bias is personal, as opposed to judicial, in nature."

*United States v. Miranne*, 688 F.2d 980, 985 (5th Cir. 1982) (quoting *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 517 F.2d 1044, 1051 (5th Cir. 1975)).

---

extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Id.* (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994))

Here, the first two requirements are not met.[2] For instance, the Plaintiff does not explain why this judge is racist or why he wants to rule against the Plaintiff. Most importantly, no reasonable person could conclude, based on the Plaintiff's representations, that this judge is biased. Accordingly, Plaintiffs' claim fails under Section 144, and the motion to recuse is denied.

II. **Motion to send case to another U.S. District court in Washington, D.C. by 9/4/15 and Motion to change venue and send to another state by 9/4/2015**

28 U.S.C. § 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."

Merely by looking at the face of the statute, Plaintiff's motions fail. Washington, D.C. is not a venue where this action "might have been brought," and Plaintiff has not demonstrated this. Moreover, Plaintiff has made no showing that transferring the case would be "[f]or the convenience of parties and witnesses" or "in the interest of justice." Accordingly, this motion is denied.

III. **Motion to have Chief Judge Brian Jackson to make U.S. District Judge allow Albertson's store lawyer to put and files [sic] subpoena discovery into case by 9/4/2015 at 1 p.m.**

Chief Judge Jackson is not presiding over this case. If the Plaintiff wants to complain about Albertson's compliance with discovery requests, then he must follow the appropriate procedure set forth in Fed. R. Civ. Pro. 37[3] and Local Rule 37.[4] Any such motion will then be heard by the Magistrate Judge assigned to this case.

---

[2] The Court notes that the third requirement is not true, but the Court is not supposed to evaluate based on truth.

[3] Fed. R. Civ. P. 37(a)(1) provides that a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

### IV. Motion to expedite ruling by 9/5/2015 before 4 p.m. on all pending motions in this case

The Plaintiff's motion for an expedited ruling is denied. The Court will rule on the Plaintiff's pending motions in due course.

### V. Conclusion

Plaintiffs' motions are extremely frivolous, and the Plaintiff has a pattern of filing frivolous documents in this suit. *See, e.g.,* R. Docs. 118-121. The Magistrate Judge has already warned the Plaintiff that the filing of frivolous motions may result in the imposition of sanctions under Rule 11, Fed. R. Civ. P. (R. Doc. 35). Moreover, the Plaintiff has been warned in other cases about filing frivolous pleadings into the record. *See Lewis v. Baton Rouge Police Dep't*, No. 13-744, slip op. at 1 (M.D. La. Feb. 23, 2015). Plaintiff is warned yet again not to file frivolous pleadings.

Accordingly,

**IT IS ORDERED** that the numerous motions by Plaintiff in made in R. Docs. 123 and 124 are **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>September 8, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Local Civil Rule 37 provides, "Motions addressed to issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36 and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto."