UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS

v.

GWEN BROWN, ET AL.

CIVIL ACTION

NO. 14-435-JWD-SCR

## RULING AND ORDER

This Court has determined that it lacks federal subject matter jurisdiction over the remaining claims in this case. Accordingly, this case is dismissed without prejudice.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[L]ack of subject matter jurisdiction may be asserted at any time by the court, sua sponte[.]"  5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2015).

Here, *pro se* Plaintiff Brian Lewis' original claim against Ms. Gwen Brown was brought under 42 U.S.C. § 1983.  That claim was subsequently dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim. (Doc. 64).

Additionally, at that time, the Court allowed the Amended Complaint to continue against the new named defendants, which consisted of Albertson's LLC and several Albertson employees.  This amended complaint contains only one apparent allegation, which is that Albertson's "refuses to relinquish phone record of conversations between Lewis and Ms. Brown." (Doc. 14). Though other defendants are named in the amended complaint, no other allegations are presented. (*See* Doc. 14).   As such, there are no longer any grounds for federal jurisdiction over Mr. Lewis' claims.

This Court recognizes that the court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a). However, the district courts may decline to exercise supplemental jurisdiction over such a claim if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Rhyne v. Henderson Cnty.*, 973 F.2d 386, 394 (5th Cir. 1992).

As stated above, that has occurred here with the dismissal of Plaintiff's § 1983 claim against Ms. Brown. Consequently, this Court declines to exercise supplemental jurisdiction over Mr. Lewis' remaining allegation against Albertsons LLC, which is not a federal claim, and may not even qualify as a claim under state law. The Court also declines to exercise supplemental jurisdiction over the claims against the remaining defendants, whatever those may be.

Finally, a determination of lack of subject jurisdiction renders any pending motions moot. Thus, there is no need to consider Defendant's pending Motion to Dismiss Plaintiff's Frivolous Complaint Pursuant to 28 U.S.C. Section 1915 and for Sanctions. (Doc. 70). [1]

Accordingly,

---

[1] The Court notes that the Plaintiff has filed a Notice of Appeal (Doc. 127) appealing the Court's Ruling and Order (Doc. 125) which denied various motions filed by the Plaintiff. However, "the Fifth Circuit has instructed that 'filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction....' " *Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2963669, at *1 (E.D. La. Oct. 9, 2007) (quoting *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979), *superceded by statute on other grounds, as recognized in United States v. Martinez,* 763 F.2d 1297 (11th Cir.1985)). Here, the ruling that Plaintiff appeals from is a nonappealable order because it did not adjudicate all of the claims and could be revised at any time. *See Lewis v. Baton Rouge Police Dep't.*, No. CIV.A. 14-397, 2015 WL 1636963, at *2 (M.D. La. Apr. 13, 2015). As a result, even though the notice of appeal was filed, this Court retains jurisdiction to decide its own jurisdiction.

.

**IT IS ORDERED** that this case, *Lewis v. Brown*, No. 14-435-JWD-SCR, is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 23, 2015.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**